RHODA M. LOOMIS *v.* THE BOARD OF SUPERVISORS OF
ONEIDA COUNTY.

(GENERAL TERM, FOURTH DEPARTMENT, MAY, 1872.)

In an action, brought pursuant to chapter 428 of Laws of 1855, to recover
the value of property owned by the plaintiffs as tenants in common,
which had been destroyed by a mob, it appearing that certain of the
plaintiffs had been notified several days before the assembling of the mob
and occurrence of the injury of threats and attempts to be made, to destroy
the property by a mob, and that no notice had been given by the plain-
tiffs so notified to the sheriff of the county, and that others of the plaintiffs
had received no actual notice and had no personal knowledge of the
threatened destruction of the property,—*Held*, that a charge to the jury
to the effect that such of the plaintiffs as had been thus notified were not
entitled to recover, for the reason that they had failed to notify the sheriff
of the county in regard to the threats, but that such of them as had not
been notified and had no personal knowledge of the threats were entitled
to recover ; and that notice to their co-plaintiffs and co-tenants was not,
in law, notice to them, was correct.

MOTION for a new trial upon exceptions ordered to be heard
in the first instance at General Term. The facts are stated
in the opinion.

*John D. Kernan,* for the plaintiffs.

*C. D. Adams,* for the defendants.

Present—JOHNSON and TALCOTT, JJ.

By the Court—JOHNSON, J. The action was brought under
the statute of 1855 (Sess. Laws of 1855, chap. 428) to recover
the value of property held and owned by the plaintiffs as ten-
ants in common, which had been destroyed by a mob. The
only ground on which the defendants' counsel asks for a new
trial is upon a quention of law arising on an exception to the
charge to the jury. The plaintiffs held and owned the premi-
ses destroyed as tenants in common, and it was shown upon
the trial that a certain number of them, several days before
the assembling of the mob and the occurrence of the injury,

had been notified and apprised of threats, and attempts to be made to destroy the property by a mob, and that no notice thereof had been given by the plaintiffs so notified to the sheriff of the county. The other plaintiffs had received no actual notice, and had no personal knowledge of the threatened or intended destruction of the property. The judge charged the jury that such of the plaintiffs as had been thus notified were not entitled to recover, for the reason that they had failed to notify the sheriff of the county in regard to the threats, but that such of them as had not been notified and had no personal knowledge of the threats were entitled to recover ; and that notice to their co-plaintiffs and co-tenants was not, in law, a notice to them. To these latter portions of the charge the defendants' counsel duly excepted. We think the charge in this respect was clearly right. The statute (§ 1) declares that in the case of any building or other real or personal property being destroyed or injured in consequence of any mob or riot, " the city or county in which such property was situated shall be liable to an action, by or in behalf of the party whose property was thus destroyed or injured, for the damages sustained by reason thereof." The third section provides that no person shall be entitled to recover in such action unless he shall have used all reasonable diligence to prevent such damage, " and shall have notified the mayor of such city, or the sheriff of such county, immediately after being apprised of any threat or attempt to destroy or injure his or their property." The point insisted upon is, that notice to one tenant in common is notice to all, and that the neglect of such tenant to give the requisite notice is the neglect of all the other co-tenants, and bars a recovery by them. But this is not the meaning and intent of the statute, nor the import of its language. By the plain terms and meaning of the act, in order to prevent a recovery, the neglect of the duty imposed must be by the person to whom the right of action is given, and not by some other person, who could not recover for his interest. Tenants in common of real property do not represent each other's interests. There is no privity

of estate between them. They are separately seized, and are deemed to have several and distinct freeholds, and each is considered as solely or severally seized of his share. (4 Kent Com., 367, 368.) There is no agency between them for each other, except by appointment or agreement, which does not appear here. Notice to some of the tenants in common was, therefore, in no legal sense, notice to the others, and such others could not notify the sheriff, having nothing to communicate. They consequently do not come within the prohibition of the third section of the act, and were entitled to recover.

The charge was right, and a new trial must be denied and judgment ordered for these plaintiffs on the verdict.

The presiding justice, having tried the cause at the circuit, does not sit.

New trial denied.